UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CR-00058-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's objection to the career-offender designation set forth in ¶ 28 of the Presentence Investigation Report ("PSR"). Defendant argues that his prior conviction for kidnapping (PSR ¶ 47) is not a crime of violence that qualifies as a predicate for a career offender designation. For the reasons that follow, the Court **OVERRULES** Defendant's objection.

**I. BACKGROUND**

In May 2025, a grand jury indicted Defendant on two counts of conspiracy to distribute controlled substances, and one count of conspiracy to commit money laundering. On March 4, 2026, Defendant pleaded guilty to a lesser included offense of Count Two of the Indictment, for conspiracy to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). In advance of Defendant's sentencing hearing, to be held on July 1, 2026, the United States Probation Office prepared a PSR which calculated Defendant's offense level under the guidelines as 31 and his criminal history category as VI. As a result, his Guidelines range is 188 to 235 months' imprisonment.

The PSR determined Defendant's offense level after applying the career offender enhancement based on two of his prior felony convictions. The first of these convictions, possession of .5 grams or more of cocaine for resale, is undisputed as an adequate predicate offense for the career offender enhancement. The second conviction, for kidnapping, is the subject of Defendant's objection. However, he does not dispute the fact of this conviction; he disputes only the status of the kidnapping[1] conviction as a "crime of violence" under U.S.S.G. § 4B1.2(a).

## II. ANALYSIS

Under U.S.S.G. § 4B1.1(a), a defendant qualifies as a career offender if (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. In turn, the Guidelines define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

§ 4B1.2(a). Defendant disputes whether Tennessee's kidnapping statute is a crime of violence under the second clause. Because kidnapping is one of the offenses specifically enumerated in §

---

[1] Defendant was also previously convicted of aggravated burglary. (PSR ¶ 47). The PSR does not use the aggravated burglary as a predicate offense for Defendant's career-offender enhancement, but Defendant argues that this aggravated burglary offense also cannot serve as a crime of violence under U.S.S.G. § 4B1.2(a). Because the Court finds that his kidnapping conviction is a crime of violence and can support his career offender status, the Court will not reach his argument related to the aggravated burglary conviction.

4B1.2(a)(2), the question is whether Tennessee's kidnapping statute is the same as, or narrower than, generic kidnapping as that term is used in the Guidelines.

Where the Guidelines enumerate an offense as a crime of violence, a court must apply the categorial approach to determine whether the state statute the defendant was convicted under meets the generic definition considered by the Guidelines. *See United States v. Cervenak*, 135 F.4th 311, 320 (6th Cir. 2025). Under this approach, courts compare the elements of "the statute forming the basis of the defendant's conviction" with the elements of the "'generic' crime." *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). The defendant's crime cannot be a crime of violence under the Guidelines if the statute punishes conduct not encompassed by the generic crime. *Descamps*, 570 U.S. at 257. When, as with kidnapping, the Guidelines do not define the offense, courts must use the generic definition based on the offense's common meaning across jurisdictions. *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012).

Defendant was convicted of kidnapping under Tenn. Code Ann. § 39-13-303(a), defined as "false imprisonment … under circumstances exposing the other person to substantial risk of bodily injury." Tenn. Code Ann. § 39-13-303(a) (2008). False imprisonment occurs when one "knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty." Tenn. Code Ann. § 39-13-302(a).

In *United States v. Soto-Sanchez*, the Sixth Circuit considered whether Michigan's kidnapping statute was a crime of violence under a different Guideline provision, U.S.S.G. § 2L1.2. 623 F.3d 317, 321 (6th Cir. 2010). In doing so, the Sixth Circuit applied the categorial approach analysis and compared Michigan's statute to the generic definition of kidnapping. *Id.* After surveying state statutes, the Sixth Circuit found that generic kidnapping requires "restraint plus the presence of some aggravating factor, such as circumstances that create a risk of physical

harm to the victim, or movement of the victim from one place to another." *Id.* at 323. Tennessee's statute satisfies both the restraint and aggravating factor elements of the generic definition, as it requires circumstances exposing the victim to a substantial risk of bodily injury. Indeed, the Fifth Circuit in *United States v. Gonzalez-Ramirez* found that Tennessee's kidnapping statute was in line with the generic offense due to its "substantial risk of injury" element.[2] 477 F.3d 310, 320 (5th Cir. 2007) ("Tennessee's statute does not sweep more broadly than the generic, contemporary meaning of the term 'kidnapping.'").

Defendant argues that generic kidnapping generally requires "unlawful confinement or removal/asportation of the victim by force, threat, or deception" and "either a specific nefarious purpose/intent … or circumstances creating a substantial risk of serious bodily injury/death, with heightened culpability." [Doc. 203, pgs. 3-4]. Because Tennessee's kidnapping statute lacks the specific nefarious purpose or asportation of the victim elements, Defendant argues that it is broader than the generic definition of kidnapping. But Defendant does not cite to any case law in support of this position, and the Sixth Circuit has made clear that the generic definition of kidnapping does not include a nefarious purpose element or a "substantial risk" of "serious" bodily injury element. *A* risk of physical harm is a sufficient aggravating factor to satisfy the requirements of generic kidnapping. *Soto-Sanchez*, 623 F.3d at 323. Tennessee's statute contains a matching element requiring circumstances exposing the victim to a substantial risk of bodily injury. This statute does not sweep more broadly than the generic definition of kidnapping.

**III. CONCLUSION**

---

[2]      *United States v. Gonzalez-Ramirez* evaluated an older version of Tennessee's kidnapping statute that defined kidnapping as false imprisonment under circumstances exposing the other person to substantial risk of bodily injury or where the confinement of another is in a condition of involuntary servitude. 477 F.3d at 314. The Fifth Circuit found that both the substantial risk of bodily injury or involuntary servitude alternatives were aggravating elements. *Id.* at 319.

The categorical analysis demonstrates that Tennessee's kidnapping statute constitutes a crime of violence under U.S.S.G. §4B1.2(a)(2). Accordingly, the Court **OVERRULES** Defendant's objection to the PSR.

**SO ORDERED:**


s/Clifton L. Corker
United States District Judge